UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLIE A. PRILAMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-46 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 27] and on the Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act Fee 28 U.S.C. Section 2412 [DE 33] filed by the plaintiff, Kylie A. Prilaman, on July 1, 2022 and August 5, 2022.  For the following reasons, the Motions [DE 27 & 33] are **GRANTED with relief different than requested**.

*Background*

On April 7, 2022, the court remanded the decision of the Commissioner [DE 24] because the ALJ erred by mischaracterizing medical evidence and improperly analyzing medical opinion evidence.

On July 1, 2022, the plaintiff's attorney filed his initial Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [DE 27] requesting that the court award the plaintiff fees in the amount of $25,503.40 for 115.4 hours of work, at a rate of $221 per hour.  On July 15, 2022, the Commissioner responded in opposition [DE 29], and the plaintiff replied on August 5, 2022 [DE 32].

Also on August 5, 2022, the plaintiff filed a Supplemental Motion for an Award of Attorney Fees [DE 33] requesting that the court award her an additional $5,679.70 for 25.7 hours of work

performed in replying to the Commissioner's objections to the original fee request. As a result, the plaintiff is now requesting a total fee award of $31,183.10 for 141.1 hours of work, at a rate of $221 per hour.[1] The Commissioner responded in opposition to the Supplemental Motion [DE 33] on August 15, 2022. The plaintiff did not reply and the time to do so has now passed.

## Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner unless the court finds that the position of the Commissioner was substantially justified or that special circumstances make an award unjust. **28 U.S.C. § 2412(d)(1)(A);** *see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **U.S. v. Pecore**, 664 F.3d 1125, 1131 (7th Cir. 2011). A fee application must be filed within thirty days of a court's final judgment and must demonstrate the following: (1) the applicant is a prevailing party; (2) the applicant is eligible to receive an award; (3) the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and (4) the position of the Commissioner was not substantially justified. **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

As an initial matter, the Commissioner does not challenge the plaintiff's status as a prevailing party or her attorney's requested hourly rate. The Commissioner has taken issue only

---

[1] In her Supplemental Motion [DE 33], the plaintiff requests a total award of $28,531.10 which represents "the original request of 22,851.40 plus an additional $5,679.70 for responding to [the] defendant's objections." However, the plaintiff's original request was $25,503.40 (115.4 hours at a rate of $221 per hour) [DE 27]. With the additional $5,679.70 (25.7 hours at a rate of $221 per hour), as requested in the supplemental motion, the total award the plaintiff is requesting is actually $31,183.10 (141.1 hours at a rate of $221 per hour).

with the total number of hours for which the plaintiff's attorney seeks compensation. Therefore, the court's analysis will focus only on the reasonableness of the amount of time the plaintiff's attorney has billed for.

Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority. **Hensley v. Eckerhart**, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee-request hours that are excessive, redundant, or otherwise unnecessary. See **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1940. The amount of a fee award is left to the discretion of the district court because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. See **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1940; **Montanez v. Simon**, No. 13-1692, 2014 WL 2757472, at *6 (7th Cir. 2014) (explaining that the court has broad discretion to strike vague or unjustified billing entries).

The plaintiff's attorney represents that he, and an associate, spent a total of 115.4 hours reviewing the record and preparing the opening and reply briefs in this case. More specifically, as displayed by a detailed hourly breakdown, her attorney claims that the opening brief took him 66.7 hours to complete and the reply brief took 36.7 hours. No explanation is offered for how the remaining 12 hours were spent. Therefore, the court will consider whether 103.4 hours was reasonable in this case.

The Commissioner argues that the amount of time the plaintiff's attorney claims to have worked on this matter is excessive given the complexity of the issues, the size of the record, the experience level of the attorneys involved, and a comparison of the hours billed to the standard hours required. Generally, the court agrees with the Commissioner's position. First, the issues in this case were not overly complex. The plaintiff claimed that the ALJ erred by crafting an RFC that

3

was not based upon substantial evidence, improperly evaluating medical opinions and third-party testimony, and in analyzing the paragraph B criteria for her subject symptoms as required by SSR 16-3p. These three issues are repeatedly raised in social security appeals before the district court, especially in this district. Therefore, the caselaw available is plentiful, and the nature of these issues should be apparent to experienced attorneys practicing social security law, such as the plaintiff's. In fact, the plaintiff's attorney even admitted that "the issues were not novel or complex" but that "just because issues are not novel or complex does not necessarily mean they require less time," because an attorney "should be allowed time for an extensive analysis of the record in order to highlight deficiencies in the ALJ's decision in light of the record." [DE 32 at pg. 5]. While the court agrees that attorneys should represent their clients vigorously, that does not always warrant an inordinate amount of time spent on common issues.

Additionally, the plaintiff's attorney claims that it took him close to the same amount of time to draft the statement of facts and read the transcript and take notes (29.3 hours) as it did to draft the entire argument section of the opening brief (37.4 hours). This weighs in favor of the Commissioner's argument that the issues in this case were not unreasonably complex, because the plaintiff's attorney has "a long history of representing [her] which began in 2011 when he took the case to the Appeals Council and then to Federal Court." [DE 32 at pg. 11]. The court is troubled by the fact that it would take an attorney, who has been representing a client for over 10 years, almost 30 hours to read an administrative record, which contains transcripts of proceedings that he was a part of, and then draft a statement of facts that he should be more than familiar with. This is not reasonable.

For over a decade, the Seventh Circuit, and district courts within the Circuit, have routinely held that "a reasonable number of hours for work on a social security appeal [] range from 40-60 hours." **Franklin v. Berryhill**, 2018 WL 1633778, at *1 (N.D. Ind. April 5, 2018); **Copeland v.**

*Astrue*, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012); *Reed v. Astrue*, 2010 WL 669619, at *3-4 (N.D. Ind. Feb. 19, 2010); *Simms v. Astrue*, 2009 WL 1659809, at *6 (N.D. Ind. June 12, 2009). The Commissioner raised this argument against the plaintiff's request for fees. While the plaintiff did not directly respond it, she did point to *Bishop v. Berryhill*, 2018 WL 5129484, at *1 (N.D. Ind. Oct. 22, 2018), where the court concluded that 89.85 hours was reasonable, which included 64.1 hours for the opening brief and 19 for the reply brief. There the court held that 64.1 hours was reasonable given how "highly fact-intensive" the case was. *Bishop*, 2018 WL 5129484, at *2. The plaintiff claims the same is true of the instant case and she is only requesting a few hours more than the plaintiff in *Bishop*. In *Bishop*, the transcript was 840 pages, and the plaintiff raised five different arguments on appeal, which were not overly complex. Here, the administrative record is 1126 pages, and three issues were raised on appeal.

  The court recognizes that the administrative record in this case was slightly longer than normal, but the plaintiff's attorney has been representing her for over 10 years dating back to the beginning of the administrative proceedings. The plaintiff does not directly address this. Additionally, as stated above, the issues in this case were not complex and a good portion of the 12.5-page argument section was a restatement of medical findings and the ALJ's decision. For these reasons, and given what is customary in this district, the court finds that 60 hours spent on the opening brief is reasonable in this case.

  Next, the plaintiff is requesting fees for the 36.7 hours her attorney spent on the reply brief. The Commissioner argues that 36.7 hours is excessive considering that courts in this district have found 20 hours spent on a reply brief to be "at the top of the reasonable range." *Branham v. Kijakazi*, 2021 WL 4237354, at *2 (N.D. Ind. Sept. 17, 2021). While the plaintiff relies on *Bishop*, and similar cases, to support her argument as to what is a reasonable amount of time spent on the opening brief, she fails to recognize the holdings in those cases as to the reply briefs. See *Bishop*,

5

2018 WL 5129484, at *2 ("reduc[ing] the time spent on the plaintiff's reply brief from 38.05 to 19 [hours]" because "although the [p]laintiff's reply thoroughly addressed the arguments and case law that were raised by the Commissioner, the reiteration of the arguments from [the p]laintiff's opening brief did not require extensive revisions").

As discussed above, it is the plaintiff's burden to prove that the hours billed "were reasonably expended." **Parker v. Berryhill**, 2017 WL 1405357, at *3 (N.D. Ind. April 20, 2017). The plaintiff is claiming that she spent more than half the amount of time on the reply brief as she did on the opening brief. First, the reply brief is 11.5 pages, half the length as the opening brief, but more importantly, the argument section is only 9 pages. The plaintiff supports her position that 36.7 hours was reasonable with her claim that the Commissioner's responsive arguments "were complex and required a succinct[2] reply." The reply brief was not succinct.

Of the 36.7 hours spent on the reply, the plaintiff claims that 15.3 hours were spent on the first issue – the improper evaluation of medical opinions. The Commissioner's responsive argument to this issue was predictable: the ALJ found the medical opinions to be unsupported by the record. And to support that argument, the Commissioner primarily highlighted evidence from the medical record that supported the ALJ's finding that certain medical provider's opinions were unpersuasive. So, the plaintiff's attempt at arguing that the Commissioner's response raised complex issues, implying that extensive legal research was required to formulate an effective reply, is not well taken. Not to mention, in the hourly breakdown, the plaintiff represents that only 1.2 hours were spent on research in drafting the reply. As a result, the court reduces the requested time spent on the reply brief from 36.7 hours to 15 hours. Therefore, the court awards fees for a total of 75 hours at a rate of $221 per hour, totaling $16,575.00.

---

[2] Succinct: "expressed in a very short but clear way." *Succinct*, MACMILLIAN DICTIONARY, https://www.macmillandictionary.com/us/dictionary/american/succinct (last visited Sept. 19, 2022).

Lastly, the court must address the issue of fees as it relates to filing of the original EAJA motion, the supplemental motion, and the reply. For those three filings, the plaintiff is requesting fees for 25.7 hours of work. The plaintiff presents no argument to support the excessive amount of time spent and fails to reply to the Commissioner's argument that 10 hours is what has been found to be reasonable in this district. See *Martin v. Saul*, 2020 WL 5525501, at *5 (N.D. Ind. Sept. 15, 2020) (holding that less than 10 hours is reasonable for preparing an EAJA reply). Due to the plaintiff's lack of response and the caselaw in this district, the court awards the plaintiff $2,210.00 for the time spent on the original EAJA motion, the reply, and supplemental motion.[3]

Based on the foregoing reasons, the Motion for EAJA Fees [DE 27] and the Supplemental Motion for EAJA Fees [DE 33] are **GRANTED but with relief different than requested**. The Court **ORDERS** that the plaintiff be awarded $18,785.00 for attorney fees, in full satisfaction of all claims under the Equal Access to Justice Act (EAJA), **28 U.S.C. § 2412**. The agency will direct the fee payment to the plaintiff's attorney in accordance with the EAJA assignment signed by the plaintiff and counsel, provided the plaintiff does not owe a debt subject to federal offset.

ENTERED this 19th day of September, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge

---

[3] The court notes that the plaintiff's attorney, Joseph W. Shull, appears to be engaging in a pattern of behavior by continuing to request an unreasonable amount of fees in which the courts in this district routinely find to be excessive. See *Martin*, 2020 WL 5525501; *Barr v. Saul*, 2020 WL 5542793 (N.D. Ind. Sept. 15, 2020); *Mahara v. Saul*, 2020 WL 6129209 (N.D. Ind. Oct. 19, 2020); *Hawkins v. Saul*, 2019 WL 6769277 (N.D. Ind. Dec. 12, 2019).